UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WESLEY DEWAYNE CONOR, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:23-cv-819-ACA-GMB |
| KAREN WILLIAMS, *et al.*, | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

The magistrate judge entered a report recommending that the court deny Wesley Dewayne Conor's 28 U.S.C. § 2254 petition for writ of habeas corpus and that the court deny him a certificate of appealability. (Doc. 20). The magistrate judge concluded that one of Mr. Conor's claims (the claim that the state trial court violated his double jeopardy right) was procedurally defaulted by virtue of the state appellate court's reliance on an adequate and independent state law ground and that the other claims were procedurally defaulted as unexhausted. (*Id.* at 7–14).

Mr. Conor objects to the denial of his double jeopardy claim on the ground that he exhausted the claim and that ineffective assistance of counsel excuses any default. (Doc. 21 at 3, 6–9). The magistrate judge did not recommend denying the double jeopardy claim as unexhausted; he recommended denying the claim as barred by the state court's use of an independent and adequate state law ground. (Doc. 20

at 7–9). And the magistrate judge already addressed Mr. Conor's assertions about cause and prejudice excusing the default. (*See id.* at 10–14). The magistrate correctly explained that while ineffective assistance of counsel may excuse a procedure default, a habeas petitioner first must exhaust the underlying claim of ineffective assistance in state court. (*Id.* at 12). The court agrees with the magistrate judge that Mr. Conor did not exhaust his claim of ineffective assistance of counsel in the state courts, he can no longer exhaust that claim because any Alabama Rule of Civil Procedure 32 petition would be untimely, and as a result his ineffective assistance claims are procedurally defaulted and cannot serve as cause and prejudice to excuse any other default. (*Id.* at 12–14; *see also* doc. 5 at 1–5; doc. 9-18); *see* Ala. R. Civ. P. 32.2(c). The court therefore **OVERRULES** Mr. Conor's objections.

The court **ADOPTS** the report and **ACCEPTS** the recommendation. The court **WILL DENY** Mr. Conor's § 2254 petition as procedurally defaulted. The court also **WILL DENY** Mr. Conor a certificate of appealability.

The court will enter a separate final judgment.

**DONE** and **ORDERED** this July 17, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE